FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACQUILINE M., | NO: 4:24-CV-5119-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Jacquiline M.[1], ECF No. 6, and Defendant the

Commissioner of Social Security (the "Commissioner"), ECF No. 8.  Plaintiff seeks

judicial review, pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of her

claim for Social Security Income ("SSI") under Title XVI of the Social Security Act

(the "Act").  *See* ECF No. 6 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 9, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff protectively filed for SSI on August 31, 2020, alleging onset on February 20, 2011. Administrative Record ("AR")[2] 17, 199–207. Plaintiff's claims proceeded to a hearing before Administrative Law Judge ("ALJ") Marie Palachuk in Spokane, Washington on October 25, 2023. AR 17, 39–60. Plaintiff was present and represented by counsel Chad Hatfield. AR 41. Plaintiff amended her alleged onset date to August 31, 2020, at the hearing. AR 17. Plaintiff was 34 years old on the alleged disability onset date and asserted that she was unable to work due to clinical depression, severe social anxiety, and diabetes. AR 238. The ALJ heard testimony from Plaintiff and from vocational expert ("VE") Kelly McCain. AR 39–60. ALJ Palachuk issued an unfavorable decision on November 20, 2023. AR 29.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Palachuk found:

---

[2] The Administrative Record is filed at ECF No. 4.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

**Step one:** Plaintiff has not engaged in substantial gainful activity after August 30, 2020, the application date. AR 19 (citing 20 C.F.R. §§ 416.920(b) and 416.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairment: social anxiety. AR 20 (citing 20 C.F.R. § 416.920(c)). The ALJ noted that Plaintiff was diagnosed with mild major depressive disorder by an acceptable medical source, but most of the opinions in Plaintiff's record discuss limitations caused by Plaintiff's social anxiety. AR 20. The ALJ further recounted that she considered the effects of Plaintiff's depressive disorder in assessing Plaintiff's residual functional capacity and that she would not have assessed different limitations even if she had deemed Plaintiff's depression severe. AR 20. With respect to Plaintiff's physical impairments stemming from diabetes, the ALJ found that the record contained sufficient evidence to support that the impairments are non-severe. AR 20. With respect to Plaintiff's carpal tunnel syndrome on her right wrist, for which she underwent surgery in July 2022, the ALJ found that the condition did not last the requisite 12-month period for a severe impairment. AR 20.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). AR 20. In reaching this conclusion, the ALJ considered listing 12.06 for anxiety-related disorders and found that Plaintiff does

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 3

not satisfy the paragraph "B" criteria.  AR 20.  To reach that conclusion, the ALJ

found that Plaintiff has no limitation in understanding, remembering, or applying

information.  AR 21.  The ALJ further found that Plaintiff is moderately limited in

interacting with others and in adapting or managing oneself and mildly limited in

concentrating, persisting, or maintaining pace.  AR 21.  The ALJ also found that the

paragraph "C" criteria are not satisfied.  AR 21.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can

perform a full range of work at all exertional levels but with the following

nonexertional limitations:

> she would need a predictable work environment; she could not perform
> assembly-line or similarly fast-paced work; and she should have no
> interaction with the public or crowds and only occasional interaction
> with co-workers.

AR 22.

In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's medically

determinable impairments could reasonably be expected to cause the alleged

symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting

effects of these symptoms "are not entirely consistent with the medical evidence and

other evidence in the record[.]"  AR 23.

**Step four:** The ALJ found that Plaintiff has no past relevant work.  AR 27

(citing 20 C.F.R. § 416.965).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 4

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 34 years old, which is defined as a younger individual (age 18-49), on the date the application was filed.  AR 27 (citing 20 C.F.R. §§ 416.963 and 416.964).  The ALJ found that transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work.  AR 28 (citing 20 C.F.R. § 416.968).  The ALJ further found that, given Plaintiff's age, education, work experience, and RFC, Plaintiff can make an adjustment to other work that exists in the national economy.  AR 28.  The ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as: industrial cleaner (medium work with approximately 17,100 jobs nationwide), auto detailer (medium work with approximately 35,100 jobs nationwide), and marker (light work with approximately 147,500 jobs nationwide).  AR 28.

The ALJ concluded that Plaintiff has not been under a disability, as defined in the Act, since August 31, 2020, the date the application was filed.  AR 28 (citing (20 C.F.R. § 416.920(g)).

Through counsel, Plaintiff sought review of the unfavorable portion of the ALJ's decision in this Court.  ECF No. 1.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a

decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one determines if she is engaged in substantial gainful activities.  If the claimant is

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

engaged in substantial gainful activities, benefits are denied.  20 C.F.R. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. § 416.920(a)(4)(iii); see also 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that she has performed in the past.  If the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering her residual functional capacity and age, education, and past

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 8

work experience.  20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff's brief raises the following issues regarding the ALJ's decision:

1.  Did the ALJ err at step two by dismissing Plaintiff's severe impairment of depression as groundless?

2.  Did the ALJ erroneously assess the medical source opinion of Plaintiff's counselor?

3.  Did the ALJ conduct an inadequate step three evaluation and erroneously find that Plaintiff did not meet or equal a listing?

4.  Did the ALJ erroneously discount Plaintiff's subjective complaints?

5.  Did the ALJ conduct an inadequate analysis at step five?

1    ***Step Two***

2        Plaintiff argues that the ALJ erred by "inexplicably rejecting [Plaintiff's]

3    severe impairment of depression as groundless at step two, committing harmful legal

4    error." ECF No. 6 at 14. Plaintiff continues that, although the ALJ memorialized at

5    step two that she considered the effects of Plaintiff's depressive disorder in assessing

6    her RFC, there is no evidence that the ALJ properly considered Plaintiff's

7    depression throughout the sequential evaluation. *Id.* at 14–15.

8        The Commissioner responds that the ALJ considered Plaintiff's symptoms

9    and limitations regardless of which underlying impairment causes them and found

10    that Plaintiff is capable of the RFC as formulated. ECF No. 8 at 3. The

11    Commissioner submits that Plaintiff does not show that the ALJ's alleged error at

12    step two resulted in any harm. *Id.*

13        Plaintiff replies that the Commissioner does not cite to the record or provide

14    any explanation in summarily arguing that the ALJ's alleged error at step two is

15    harmless. ECF No. 9 at 7.

16        At step two, an ALJ may find impairments or combinations of impairments to

17    be non-severe "if the evidence establishes a slight abnormality that has no more than

18    a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d

19    683, 686 (9th Cir. 2005); *see also* Social Security Ruling ("SSR") 85-28, 1985 SSR

20    LEXIS 19 at *8, 1985 WL 56856, at *3. Omissions at step two are harmless error if

21    step two is decided in the claimant's favor and the ALJ incorporates all of the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

claimant's limitations into the RFC. *Burch v. Barnhart*, 400 F.3d 676, 682–84 (9th Cir. 2005).

ALJ Palachuk found at step two that Plaintiff has social anxiety that is severe in that it significantly limits her ability to perform basic work activities as required by SSR 85-28. AR 20. The ALJ found that the record also establishes mild depression, as well as other impairments, but the ALJ found those impairments to be non-severe. AR 20. The ALJ acknowledged that: (1) Plaintiff "stated in her Function Report that her depression caused hopelessness and difficulty concentrating and focusing," AR 20 (citing AR 254–61); and (2) an acceptable medical source diagnosed Plaintiff with mild major depressive disorder, AR 20 (no citation). However, the ALJ reasoned that "the bulk of the opinions of record relate to limitations caused by [Plaintiff's] social anxiety." AR 20 (no citation). The ALJ further noted that she, nonetheless, "considered the effects of her depressive disorder in assessing [Plaintiff's] residual functional capacity and notes that her limitations would not differ even if her depression was [sic] considered severe." AR 20.

The ALJ's recitation that she considered Plaintiff's alleged symptoms resulting from depression later in the successive evaluation is supported by her discussion of the degree to which the record supports accommodating Plaintiff's asserted symptoms and limitations in Plaintiff's RFC. *See* AR 22–27 (considering Plaintiff's ability to concentrate). With respect to the other alleged symptom from depression, hopelessness, Plaintiff does not indicate how it should have resulted in a

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

more limited RFC.  Therefore, given that the ALJ resolved step two in Plaintiff's

favor by finding a severe impairment, and considered Plaintiff's claimed symptom

of difficulty concentrating in formulating the RFC, the Court does not find harmful

error at step two.

The Court finds in favor of the Commissioner with respect to this issue and

denies Plaintiff's brief in part with respect to the same.

### Medical Source Opinion

Plaintiff argues that the ALJ erroneously found unpersuasive the medical

source opinion of Plaintiff's treating provider Brianne Messenger, LSWAIC.  ECF

No. 6 at 8–9.  Plaintiff contends that the ALJ "made no attempt" to determine

whether Ms. Messenger's disabling assessment of Plaintiff was supported by and

consistent with Plaintiff's longitudinal record, and, when properly considered, the

record supports Ms. Messenger's assessment.  *Id.* at 9–10 (citing AR 354–55, 358,

417, 447, 468, 537, 581, 603, 615, and 959).  Plaintiff further argues that the ALJ

did not identify any activities inconsistent with Ms. Messenger's opinion and cites to

caselaw recognizing that Social Security claimants "'should not be penalized for

attempting to lead normal lives in the face of their limitations.'"  *Id.* at 11 (quoting

*Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); citing *Trevizo v. Berryhill*,

871 F.3d 664, 676 (9th Cir. 2017)).  Lastly, Plaintiff does not dispute the ALJ's

finding that Ms. Messenger is not an acceptable medical source.  *Id.* at 13.  Rather,

Plaintiff argues that the ALJ should not have discounted the opinion, in part, based

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 12

on Ms. Messenger's status as an acceptable medical source because: "Per POMS DI 22505.003 an acceptable medical source is needed for making findings to support a medically determinable impairment. Once an MDI is made, as is the case here, all relevant evidence is considered." *Id.* at 13.

The Commissioner responds that the ALJ reasonably found Ms. Messenger's opinion not persuasive as unsupported because, for instance, Ms. Messenger rated Plaintiff as mildly limited in three of four areas of adaptation, with a moderate limitation in the remaining area, yet concluded that Plaintiff was markedly limited overall. ECF No. 8 at 10–11 (citing AR 953–54). The Commissioner continues that the ALJ also reasonably found Ms. Messenger's opinion unpersuasive because it is inconsistent with other evidence in the record. *Id.* at 11. The Commissioner specifies that while Ms. Messenger assessed marked limitations in social functioning, the record shows that around the same time as Ms. Messenger's assessment Plaintiff was working and attending community college. *Id.* (citing AR 550, 558, 560, 632, 953, and 957).

The Commissioner further refutes Plaintiff's assertion that the ALJ reversibly erred by not specifically addressing Ms. Messenger's opinion that Plaintiff would be absent from work two days per month and off task and unproductive 12-20 percent of the time because "the applicable regulations do not require the ALJ to specifically address the persuasiveness of every limitation assessed by a medical source." ECF No. 8 at 12 (citing 20 C.F.R. § 416.920c). The Commissioner contends that "where

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

1  a medical source provides multiple medical opinions, the ALJ can articulate how he

2  or she considered the medical opinions from that medical source together in a single

3  analysis." *Id.* (citing 20 C.F.R. § 416.920c(b)(1)).

4        With respect to Plaintiff's argument that her activities were not inconsistent

5  with Ms. Messenger's opinion, the Commissioner asserts that the Court must defer

6  to the ALJ's assessment in that respect because the ALJ's reasoning is supported by

7  substantial evidence. ECF No. 8 at 12–13 (citing *Biestek v. Berryhill*, 587 U.S. 97,

8  97 (2019); *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997)). The

9  Commissioner submits that the ALJ relied on "far more than a mere scintilla of

10 evidence" in finding that Plaintiff's ability to work and attend community college

11 courses contradicted Ms. Messenger's opinion that Plaintiff had marked limitations.

12 *Id.* at 13.

13       Plaintiff replies that the Commissioner "does not meaningfully engage with"

14 any of the documents cited by Plaintiff in her opening brief that support Ms.

15 Messenger's findings. ECF No. 9 at 3. Plaintiff argues that the Commissioner does

16 not identify any activities inconsistent with Ms. Messenger's opinion, as he does not

17 refute that Plaintiff has alleged that she is unable to leave her house or engage in

18 activity three to five days per month due to exacerbation of depression and anxiety

19 symptoms. *Id.* Plaintiff further points to her testimony that she struggles to keep up

20 with household chores even with part-time work, "resulting in her house becoming a

21 mess and going a week without showering." *Id.* at 3–4 (citing AR 55).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

Furthermore, Plaintiff argues that the ALJ recognized that Plaintiff's "work activity during the relevant period constitutes unsuccessful work attempts, and the performance of irregular part-time work completed out of financial necessity is not inconsistent with a claim for disability," as Plaintiff did not represent herself as capable of regular, full-time work. *Id.* (citing, e.g., *Carmickle v. Commissioner*, 533 F. 3d 1155, 1162 (9th Cir. 2008).

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources. *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program. 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). With respect to these two factors, the regulations provide that an opinion is more persuasive in relation to how "relevant the objective medical

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).  The Ninth Circuit further has held that the updated

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

1  regulations comply with both the Social Security Act and the Administrative

2  Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for

3  the "examining relationship" or "specialization factors." *Cross v. O'Malley*, No. 23-

4  35096, 2024 U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

5      Accordingly, as Plaintiff's claim was filed after the new regulations took

6  effect, the Court refers to the standard and considerations set forth by the revised

7  rules for evaluation of medical evidence. *See* AR 17, 199–207.

8      Plaintiff's counselor, Ms. Messenger completed a questionnaire on Plaintiff's

9  mental residual functional capacity assessment on January 25, 2023. AR 952–55.

10  Ms. Messenger indicated that, in terms of the "B" criteria of the mental listings,

11  Plaintiff is markedly limited in her ability to interact with others and in her ability to

12  adapt or manage oneself. AR 954. Ms. Messenger indicated that Plaintiff is mildly

13  limited in her ability to understand, remember, or apply information and to

14  concentrate, persist, or maintain pace. AR 954. The questionnaire also asks for an

15  assessment of Plaintiff's capacity to perform activities related to each "B" criterion

16  category. Relating to Plaintiff's ability to adapt, Ms. Messenger rated Plaintiff

17  mildly limited to three activities, and moderately limited in one activity. AR 953.

18  Relating to Plaintiff's capacity for social interaction, Ms. Messenger rated Plaintiff

19  mildly limited in one activity and markedly limited in four activities. AR 953. Ms.

20  Messenger also wrote that although Plaintiff "has made significant progress in

21  managing her mental health and [activities of daily living,]" she "struggles with

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 17

maintaining a routine, good hygiene, and social interactions, as well as low self-esteem, grief/loss, family dysfunction, codependency, and anxiety, specifically in social situations and public areas." AR 955. Ms. Messenger opined that, as a result of her cumulative limitations, Plaintiff likely would be off task or unproductive twelve to twenty percent of a forty-hour work week and likely would miss two days of work per month. AR 955.

The ALJ noted Ms. Messenger's opinions, including her opinion that Plaintiff likely would be off task or unproductive twenty percent of a typical 40-hour week and would miss two days of work per month, and found unpersuasive Ms. Messenger's "statements or ratings of the claimant's ability to adapt or manage herself." AR 25–26. The ALJ reasoned that Ms. Messenger "rated the claimant as mildly limited in three of four areas of adaptation with a moderate limitation in the remaining area, yet she concluded the claimant was markedly limited in adapting overall." AR 26. With respect to Ms. Messenger's rating Plaintiff as markedly limited in interacting with others, the ALJ reasoned that Plaintiff's "reports of activity around the same time as Ms. Messenger's assessment contradict a finding of marked limitation." AR 26. The ALJ cited to a December 2022 treatment record in which Plaintiff reported that she had "no significant social anxiety recently" and was offered a job that would start in January. AR 630. The ALJ also cited to records indicating that Plaintiff planned to begin community college for accounting, was working seven days per week around the new year in 2023, and attended group

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 18

game-playing sessions weekly.  AR 632, 639, and 643.  The ALJ concluded: "Ms. Messenger's opinion appears to overstate the claimant's limitations, and she is not an acceptable medical source."  AR 26.

The Court finds that the reasoning offered by the ALJ for discounting Ms. Messenger's opinions go to the two most important considerations for medical source opinion, supportability and consistency.  Ms. Messenger's own rating of Plaintiff as mildly limited in three of four activities involved in adaptation and moderately limited in the fourth activity is substantial evidence that Ms. Messenger's overall rating of Plaintiff as markedly limited in adapting overall has no clear support.  AR 953–54.  Likewise, the treatment records cited by the ALJ are substantial evidence that Ms. Messenger's opinion that Plaintiff is markedly limited overall in interacting with others is inconsistent with other, contemporaneous medical records.  AR 26.

Plaintiff also faults the ALJ for including in her reasoning that Ms. Messenger is not an acceptable medial source.  *See* 20 C.F.R. § 416.902 (not listing licensed clinical social workers as acceptable medical sources).  Opinions from "not acceptable" sources "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 SSR LEXIS 5, at *3.  In evaluating opinions from not acceptable sources, ALJs should consider: the length of time the source has known the claimant and the number of times and frequency that the source has seen the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

claimant; the consistency of the source's opinion with other evidence in the record; the relevance of the source's opinion; the quality of the source's explanation of her opinion; and the source's training and expertise.  *See* SSR 06-03p, 2006 SSR LEXIS 5, at *4; 20 C.F.R. 404.1527(c)(2)-(6).  As the Court already addressed, the ALJ discussed the consistency and supportability of Ms. Messenger's opinion in a manner that permits this Court to follow the ALJ's reasoning, and the Court does not find any error with respect to the ALJ's observation that Ms. Messenger was not an acceptable source.

The Court does not find harmful error in the ALJ's treatment of Ms. Messenger's opinion, and, therefore, resolves this issue in favor of the Commissioner.

### *Step Three*

Plaintiff additionally argues that the ALJ erred at step three by failing to conduct an adequate analysis and failing to find Plaintiff disabled as meeting or equaling listings 12.04 (depressive, bipolar, and related disorders) or 12.06 (anxiety and obsessive-compulsive disorders).  ECF No. 6 at 15–16 (citing AR 20–22).  Plaintiff argues that the ALJ "provided nothing more than a boilerplate evaluation, cited no medical evidence aside from the initial state agency determination, overstated [Plaintiff's] work and school activities, and failed to properly evaluate the combination of her anxiety and depression."  *Id.* at 16.  Plaintiff concludes that "when the evidence is properly considered, including the well-supported opinion of

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20

1    Ms. Messenger opining marked limitations in interacting with others and adapting or

2    managing oneself, [Plaintiff] is determined disabled." *Id.*; *see also* ECF No. 9 at

3        The Commissioner responds that the ALJ thoroughly discussed the listing

4    requirements and relied on the findings of the state agency doctors, and Plaintiff's

5    ability to work and attend community college, to reach her step three conclusion.

6    ECF No. 8 at 5 (citing AR 21–22).  The Commissioner argues that the substantial

7    evidence standard of review requires the Court to affirm the ALJ's step three finding

8    in this instance, regardless of whether other rational interpretations of the evidence

9    may exist. *Id.* (citing *Meanel*, 172 F.3d at 1113; *Burch*, 400 F.3d at 680–81).

10        At step three of the evaluation process, an ALJ must determine whether a

11    claimant has an impairment or combination of impairments that meets or equals an

12    impairment contained in the listings.  *See* 20 C.F.R. § 416.920(d). The listings

13    describe "each of the major body systems impairments [considered] to be severe

14    enough to prevent an individual from doing any gainful activity, regardless of his or

15    her age, education, or work experience."  20 C.F.R. § 416.925. The claimant has the

16    burden to show that her condition meets or equals an impairment set forth in the

17    listing.  *See Tackett*, 180 F.3d at 1098.

18        Plaintiff's argument regarding step three depends on her argument that the

19    ALJ should have fully credited the opinion of Ms. Messenger.  However, the Court

20    already found that the ALJ did not err in her treatment of Ms. Messenger's opinion,

21    and, therefore, the Court also finds no basis upon which to disturb the ALJ's step

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 21

three assessment.  It is not the Court's role to disturb an assessment by the ALJ that is supported by substantial evidence, even if an alternative assessment was possible. The Court finds in favor of the Commissioner on this issue.

### *Plaintiff's Subjective Statements*

Plaintiff alleged disability due to the following physical and mental health conditions, as summarized in the ALJ's decision:

> The claimant alleged in her Disability Report that clinical depression, severe social anxiety, and diabetes limited her ability to work. She stated that her social anxiety would never let her answer a telephone call or have an interview, and she could not work in a job that involved talking on the telephone, interacting with a lot of people, or driving. She stated in her Function Report that, because of her social anxiety, she could not drive, reliably talk on the telephone, work with people, or get through a job interview. She stated in her Function Report that her typical day included caring for her dog, using the internet, reading, playing computer games, preparing meals, and taking medication. She reported she did dishes, sweeping, dusting, laundry, and other cleaning, although she lacked energy and motivation at times. She went outside twice a week, could go out alone, and would walk or ride in a car. She did not drive due to fear of other drivers, low reaction times, and nervousness in traffic. She also stated she had problems calling doctors for appointments and would convince herself she did not need a doctor. The claimant reported going shopping once a week for no more than an hour, and she only spends time with family. She stated that having someone accompany her when going out helps her to feel more comfortable around strangers. She reported that her conditions affected her ability to complete tasks, concentrate, and get along with others. Her depression causes difficulty in concentrating and low energy for completing tasks, while her anxiety causes difficulty interacting with others. She opined she could pay attention for two to three minutes and did not finish what she started. She also reported that she handled changes in routine badly, as they irritated her.
>
> At the hearing, the claimant testified that she could not get out of bed three to five days per month because of depression, or she was too

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 22

anxious to leave her home. She stated she generally could not use telephones due to anxiety. She reported losing focus, criticizing herself, and feeling that others were criticizing her. The claimant reported working as a caregiver on a parttime basis, but she was permitted unscheduled breaks for anxiety where she could go to the bathroom and cry for 15 to 20 minutes at least four to five times per week. She also stated that she had not showered in a week, and her house was a "literal mess."

AR 22 (citing AR 237–45, 255, 259–60).

The ALJ's reasoning in discounting these allegations included that the objective medical evidence does not fully support the level of limitation that Plaintiff alleges, and Plaintiff's activities were inconsistent with the degree of impairment that she alleges. AR 23–27.

Plaintiff argues that the ALJ legally erred when she did not provide specific, clear, and convincing reasons to discount her subjective symptom complaints and instead "did little more than engage in a general recitation of the medical evidence, apparently discounting the claimant's testimony on such basis despite failing to identify any inconsistencies." ECF No. 6 at 17–18.   Plaintiff further argues that Ninth Circuit caselaw does not allow an ALJ to reject mental health symptom testimony based on waxing and waning symptoms, and there is no evidence that Plaintiff has experienced sustained improvement in her depression and anxiety symptoms. *Id.* at 18–19 (citing *Garrison v. Colvin*, 759 F.3d 995, 1017–18 (9th 2014)).   Rather, Plaintiff argues, the record supports that: (1) Plaintiff's depression and anxiety symptoms interrupt her daily activities, particularly when she is

1    employed, as she goes extended periods without adequately attending to her personal

2    hygiene or housework; (2) as the ALJ recognized, her work activity during the

3    relevant period to constitute unsuccessful work attempts; (3) Plaintiff was formally

4    warned due to her excessive absenteeism and was dismissed from Safeway in May

5    2022; (4) "she works at a slow pace due to self-critical and paranoid/ruminative

6    thoughts and requires additional unscheduled breaks when her symptoms are

7    exacerbated"; and (5) Plaintiff has worked part-time and irregularly out of financial

8    need. ECF No. 9 at 10. Lastly, Plaintiff argues that the ALJ overlooked the actions

9    she takes to alleviate her mental health symptoms and that affect her ability to work,

10    including isolating at home three to five days per month and taking four to five

11    unscheduled breaks of fifteen to twenty minutes per week to cry, break down, or

12    cope with a panic attack while working as a caregiver. *Id.* (citing AR 44–55).

13        The Commissioner responds that the ALJ is permitted to discount a claimant's

14    symptoms based on a contradiction with the medical record, and Plaintiff's medical

15    record and the psychological evaluation of Dr. Page were not consistent with

16    Plaintiff's claim that her anxiety is so severe that she cannot answer the phone, go to

17    a job interview, interact with people, or even drive. ECF No. 8 at 7. The

18    Commissioner further argues that the ALJ is permitted to discount subjective

19    symptoms statements because of a claimant's activities, even where those activities

20    suggest some difficulty functioning. *Id.* at 8 (citing 20 C.F.R. § 416.929(c)(3)(i);

21    *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012)).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 24

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. at 1281. Thus, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Id*. at 1282.

<u>Objective Medical Evidence</u>

When asked at the administrative hearing whether her depression symptoms affect her ability to work eight hours per day, five days per week, Plaintiff stated that "at least three to five, sometimes less, sometimes more days," she is unable to get out of bed or is too anxious to leave the house. AR 45. In her Function Report,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 25

Plaintiff reported not being able to get along with coworkers, get through an interview, or to concentrate and focus. AR 254.

In finding that Plaintiff's mental health symptoms are not as debilitating as alleged, the ALJ cited to treatment records in which Plaintiff presented with concentration within normal limits, unremarkable mood and affect, and a cooperative, pleasant attitude. *See* AR 24–26, 402, 404, 406, 408, 411, 413, 415, 420, 443, 526, 528, and 658. The ALJ also discussed the progression of Plaintiff's symptoms as she pursued treatment, including that she reported to her counselor in late 2022 that she had not experienced significant social anxiety recently, even while she was actively applying for jobs. AR 25, 630.

While Plaintiff cites to Ninth Circuit caselaw that proscribes ALJs from rejecting mental health symptoms based on improvement when the symptoms instead wax and wane, Plaintiff does not cite the Court to medical records that show that her symptoms follow that pattern. Rather, Plaintiff cites only to her own hearing testimony that she may have one month, or even up to six months, when she does not need to stay home because of her mental health symptoms, but both the good and bad days come and go. ECF No. 9 at 9 (citing AR 53–54); *see* AR 53–55. Plaintiff's argument that she testified that her symptoms wax and wane does not show that the ALJ overlooked waxing and waning in the objective medical record or that the material that the ALJ cited from the Plaintiff's medical record did not substantially support the ALJ's reasoning.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 26

The Court does not find the ALJ's analysis erroneous in its reliance on the objective medical records that undermine the severity of Plaintiff's symptoms.

Daily Activities

The ALJ also refers to inconsistencies between the extent and nature of Plaintiff's reported activities and the severity of the symptoms she alleges. The ALJ cites to instances in which Plaintiff reported reading short stories, using the internet, signing up to be a costume designer assistant with a local theater, volunteering at a museum, planning and taking a vacation on the Oregon coast, camping, getting a new dog, going to garage sales, playing Dungeons and Dragons weekly, attending college classes, and working in temporary or part-time jobs. AR 23–27.

With respect to daily activities, an ALJ's reasoning will be upheld if the ALJ cites to substantial evidence showing that a claimant's activities contradict her testimony or that Plaintiff has transferable work skills. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

The activities that the ALJ discusses are substantial evidence that Plaintiff is capable of more than she endorses in her Functional Report and testimony. Therefore, the Court does not find error in the ALJ's treatment of Plaintiff's subjective symptom testimony on this ground either.

***Step Five***

Plaintiff contends that the ALJ erred at step five because, "[w]hen presented with more complete hypotheticals containing the improperly rejected limitations

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 27

from the medical source opinions and testimony[,]" the VE testified that Plaintiff would not be able to sustain competitive employment.  ECF No. 9 at 11.  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Osenbrock*, 240 F.3d at 1164.  The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in evaluating the medical source opinions, Plaintiff's subjective symptom testimony, and the step three analysis.  As discussed above, the ALJ's assessment of the record was not erroneous.  Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).  The Court denies Plaintiff's Brief, and grants the Commissioner's brief, and judgment to the Commissioner, on this final ground.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 28

1

**CONCLUSION**

2     Having reviewed the record and the ALJ's findings, this Court concludes that

3 the ALJ's decision is supported by substantial evidence and free of harmful legal

4 error.  Accordingly, **IT IS HEREBY ORDERED** that:

5     1.    Plaintiff's Opening Brief, **ECF No. 6**, is **DENIED**.

6     2.    Defendant the Commissioner's Brief, **ECF No. 8**, is **GRANTED**.

7     4.    Judgment shall be entered for Defendant.

8     5.    The District Court Clerk shall amend the docket in this matter to substitute

9 Frank Bisignano as the Commissioner of the Social Security Administration.

10     **IT IS SO ORDERED.**  The District Court Clerk is directed to enter this

11 Order, enter judgment and amend the caption as directed, provide copies to counsel,

12 and **close the file**.

13     **DATED** July 28, 2025.

14

15          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
16          Senior United States District Judge

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 29